UNITED STATES FIDELITY & GUARANTY CO. v. BECKMAN.

INSURANCE—REFORMATION OF POLICY—MISTAKE—SICKNESS BENEFIT.
Under evidence clearly establishing mistake by a showing that both insured and insurer treated sickness benefit clause of insurance policy as providing for payment of $25 instead of $45 per week, as stated in the policy, over a period of years in both allocation of premium to such benefits and payment of benefits, policy is reformed to provide for payment of lesser rate for sickness benefits.

Appeal from Wexford; Lamb (Fred. S.), J. Submitted October 8, 1936. (Docket No. 52, Calendar No. 39,114.) Decided December 28, 1936.

Bill by United States Fidelity & Guaranty Company, a Maryland corporation, against Jacob L. Beckman for reformation of a sickness and accident insurance policy, an injunction and other relief. Decree for plaintiff. Defendant appeals. Affirmed.

*Payne & Payne,* for plaintiff.

*Arthur W. Penny,* for defendant.

WIEST, J. Defendant brought an action at law in the Wexford circuit against plaintiff to recover

sickness benefits, claimed to be due under an insurance policy. Thereupon the insurance company filed the bill herein to reform the policy and have it conform with the written application therefor and the rate of premium paid. The policy was applied for and issued in 1921 for one year and renewed from year to year by payment of premiums. The issue was whether, under the application and the policy, the sickness benefit was for $25 or for $45 per week.

Plaintiff points to the letter of the application, payments made at the rate of $25 per week, as requested by defendant over a course of several years, and premiums paid for such rate of indemnity.

Defendant points to the letter of the policy and claims that it accords with the representations made by the soliciting agent.

The written application for the policy, signed by defendant, and the policy issued thereon by plaintiff do not agree as to the rate for sickness benefits; the application was for sickness benefits at the rate of $25 per week while the policy states $45 per week.

Plaintiff claims that the rate in the policy was by reason of a scrivener's mistake, not detected by plaintiff, and without claim of more than $25 per week thereunder by defendant for sickness benefits in February, 1923, July, 1925, May, 1926, and August, 1927. The premium rate paid by defendant, allocated to sickness benefits, was for $25 per week.

Clearly the rate of indemnity stated in the policy was a mistake, not discerned by either party until after years of operation in accord with the contract as now claimed by plaintiff.

The circuit judge found the mistake and held that not to correct it would operate in defendant being paid more than he ever contracted or paid for.

Is the mistake beyond correction?

Defendant denies any mistake and contends that if one is found it was not mutual and plaintiff is, therefore, without remedy.

The mistake is clearly established, was mutual, judged by action of the parties over a course of years, and did not become otherwise by defendant's later claim under the letter of the policy.

It is stipulated by the attorneys that:

"If the defendant is entitled to but the sum of $25 per week, he is entitled to judgment in the sum of $1,326.78, plus interest at five per cent. per annum."

The decree in the circuit court reformed the policy and required plaintiff to pay defendant the sum of $1,354.58, and interest thereon, from the date of the decree, at five per cent. per annum, and that defendant have execution therefor.

The decree is affirmed, with costs to plaintiff.

North, C. J., and Fead, Butzel, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.